IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 3:08 CR 161

-vs-

                                          MEMORANDUM OPINION
STEPHEN J. PULLEY,                        AND   ORDER

                Defendant.

KATZ, J.

Defendant has moved this Court for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) and for a new trial pursuant to Fed. R. Crim. P. 33. (Doc. No. 94). While there may be a practical issue of timeliness, the Court will not decide these motions on that basis. Defendant raises three issues in support of his motion: 1) insufficiency of the evidence; 2) ineffective assistance of counsel; and 3) improper jury instruction. It is the Government's contention, with which this Court is in agreement, that neither the trial record nor the law provides a basis for Defendant's motions.

**1. Insufficiency of the Evidence**

There was substantial and sufficient evidence to support the jury finding Defendant guilty. Pulley obtained a $100,000 bank loan by falsifying his income on his loan application and procuring a verification of employment which also falsified his income. Following a jury trial, he was found guilty of bank fraud.

This Court sat through the entire trial and will not regurgitate the extensive memorandum in opposition which outlines the history of the fraud and the evidence supporting it. (See Gov. Resp. pp 2 - 5).

**2. Ineffective Assistance of Counsel**

Defendant contends that his trial counsel's failure to have Robert Honigford testify in his behalf justifies this Court finding trial counsel was ineffective. However, as noted by the Government, Honigford's law partner and co-owner of Lawyer's Title, David Rodabaugh, did testify. Defendant cannot come close to establishing ineffective assistance of counsel pursuant to the two showings required by *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The evidence overwhelmingly demonstrated that Defendant knowingly misrepresented his income on the loan application and knowingly caused to be submitted on his behalf a false verification of that income.

**3. Improper Jury Instruction**

The jury instruction on deliberate ignorance was not erroneous. As outlined in the Government's memorandum (pp. 6 - 9) this Court's jury instruction on deliberate indifference basically mirrored the Pattern Jury Instruction upheld by this Circuit. The minuscule variance does not support reversal. Further, clearly there was sufficient evidence to support the deliberate jury instruction. Pulley at trial never disputed that he failed to make the income shown on the verification of employment.

For the foregoing reasons, Defendant's motion for new trial and acquittal (Doc. No. 94) are denied.

IT IS SO ORDERED.

                s/ *David A. Katz*
                DAVID A. KATZ
                U. S. DISTRICT JUDGE